IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KIMBERLY D. SPENCER, )
)
    Plaintiff, )
)
vs. ) Case No. 13-cv-276-TLW
)
CAROLYN W. COLVIN, )
Acting Commissioner )
of the Social Security Administration, )
)
    Defendant. )

## OPINION AND ORDER

Plaintiff Kimberly D. Spencer seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 6). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

### Introduction

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the

evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

**Background**

Plaintiff, then a 36-year old female, applied for Titles II and XVI benefits on March 25, 2010. (R. 26). Plaintiff alleged a disability onset date of October 5, 2007. Id. Plaintiff claimed that she was unable to work due to major depressive disorder, anxiety, tendonitis, chronic pain (fibromyalgia), chronic bronchitis, chronic PTSD, and migraines. (R. 134). Plaintiff's claims for benefits were denied initially on May 11, 2010, and on reconsideration on December 14, 2010. (R. 59-67; 73-8). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (R. 79). The ALJ held the hearing on November 10, 2011. (R. 23-54). The ALJ issued a decision on April 20, 2012, denying benefits and finding plaintiff not disabled because there were jobs that she could perform given her age, education, work experience, and residual functional capacity ("RFC"). (R. 21-2). The Appeals Council denied review, and plaintiff appealed. (R. 1-5); (Dkt. 2).

**The ALJ's Decision**

The ALJ found that plaintiff had not performed any substantial gainful activity since her alleged disability onset date of October 5, 2007. (R. 12). The ALJ found that plaintiff had the severe impairments of arthralgia and myalgia, bronchitis, migraines, carpal tunnel syndrome, fibromyalgia, tarsal tunnel syndrome, bipolar disorder, and anxiety disorder. Id. Under the "paragraph B" criteria, plaintiff had moderate restrictions in activities of daily living, social functioning, and concentration, persistence, and pace, and no episodes of decompensation. (R.

13-14). The ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment under 20 C.F.R. Part 404, Sub Part P, Appendix 1. (R. 14).

After reviewing plaintiff's testimony, the medical evidence, and other evidence in the record, the ALJ concluded that plaintiff could perform:

> a reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift 10 pounds frequently and 20 pounds occasionally. She can stand and walk a total of 6 hours in an 8-hour workdays [sic] and sit 6 hours in an 8-hour workday. She can frequently, but not constantly, handle and finger. She can have superficial and incidental interaction with coworkers and supervisors, with no significant interaction with the public. She is limited to simple routine tasks.

Id. The ALJ then found that plaintiff is unable to perform any of her past relevant work. (R. 20). However, the ALJ cited other jobs that the vocational expert determined that plaintiff could perform, such as housekeeper (light, SVP 2), merchandise marker (light, SVP 2), and routing clerk (light, SVP 2). Accordingly, the ALJ found that plaintiff was not disabled. (R. 21).

## ANALYSIS

On appeal, plaintiff raises two issues: (1) that the ALJ failed to properly evaluate her treating physician's opinion, and (2) that the ALJ's RFC determination is flawed. (Dkt. 16). Of these issues, plaintiff's challenge to the ALJ's RFC determination is dispositive.[1]

At step two, the ALJ must determine whether the claimant has an "impairment or combination of impairments which significantly limits [her] ... ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Such impairments are referred to as "severe." Id. This step requires only a *de minimis* showing of impairment. See Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997) (citing Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)). The ALJ found that plaintiff has a number of severe impairments, including migraines and bronchitis. (R. 12).

---

[1] The Court finds no error with respect to plaintiff's issue with the treating physician's opinion.

At step four, the ALJ must determine plaintiff's RFC, which reflects the most a claimant can do despite any impairments. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); SSR 96-8p. The RFC findings "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. As part of this narrative, the ALJ must consider all of a claimant's medically determinable functional impairments, whether or not they are severe. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). The Tenth Circuit has held that "failure to consider all of the impairments is reversible error." Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2006). The question in this case is whether the ALJ failed to address plaintiff's severe impairments of migraines and bronchitis and, if so, whether either impairment could impose a functional impairment that impacts plaintiff's ability to work.

When formulating a claimant's RFC, the ALJ is required to "consider the combined effect of all medically determinable impairments, whether severe or not." Wells v. Colvin, 727 F.3d 1061, 1069 (10th Cir. 2013); 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). In this case, the ALJ failed to incorporate any limitation for plaintiff's severe impairments of migraines or bronchitis, and she failed to explain why neither poses a limitation.

The ALJ's discussion of plaintiff's migraines is limited to noting that on July 22, 2011, plaintiff reported that her migraines had decreased in frequency and intensity. (R. 16). The ALJ also cited Dr. Van Tuyl's records, in which he states that claimant is being treated for her migraines in addition to depression, anxiety, chronic pain, PTSD, and "borderline symptoms," that her medications seemed to be effective in treating "most" of her symptoms (without specific reference to which symptoms or impairments), but that plaintiff was unable to work due to anxiety and chronic pain. (R. 19). The reference to plaintiff's "anxiety" and "chronic pain" is clearly not a reference to her migraines. The ALJ did not include any limitation in plaintiff's

4

RFC that could relate to plaintiff's migraines. (R. 14-20). However, the ALJ explained that plaintiff's migraines had decreased in frequency and intensity, and he cited Dr. Van Tuyl's records, which indicate that most of plaintiff's symptoms were being treated effectively with medication and that plaintiff's inability to work (an issue reserved to the Commissioner in any event) was mainly due to symptoms unrelated to the migraines.

As to plaintiff's bronchitis, the ALJ's decision mentions only once that plaintiff was "followed for chronic bronchitis" by Stephen Barnes, D.O., and mentions only once plaintiff's testimony regarding bronchitis "flares several times a year for 2 weeks to 2 months in duration." (R. 15). The decision then falls silent regarding any functional limitation for this impairment, which the ALJ found to be severe, or any explanation as to why the impairment does not impose any functional limitation.[2]

The ALJ is required to state the reason that an impairment is not included in the RFC, unless the ALJ's reasoning is clear from the decision itself. See Wells, 727 F.3d at 1069; 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). As to plaintiff's migraines, the ALJ's reasoning is clear. He relied on Dr. Van Tuyl's medical records and opinion, which provide substantial evidence in support of a finding that the migraines do not impose any functional limitation on plaintiff's ability to work. However, the ALJ's reasoning is not as clear with regard to plaintiff's bronchitis. Although the evidence that plaintiff's bronchitis imposes a functional limitation is minimal, it remains true that the ALJ found the impairment to be severe. More importantly, the Court cannot follow the ALJ's reasoning for not including a limitation regarding plaintiff's bronchitis in the decision, and although the Court could easily supply such reasoning, doing so

---

[2] The record reflects scant evidence of treatment for bronchitis; however, the Court is not allowed to substitute its reasoning for that of the Commissioner. See Hackett, 395 F.3d at 1172. The ALJ found bronchitis to be a severe impairment, and the omission of any further discussion must be remanded to the Commissioner for reconsideration.

would go beyond the Court's authority. Therefore, this portion of the ALJ's decision is reversed and remanded so that the ALJ can supply the reasoning for not including a limitation in plaintiff's RFC for her bronchitis or for the ALJ to include such a limitation and then reevaluate whether there is work that plaintiff can perform in light of the revised RFC.

## **CONCLUSION**

For the reasons stated above, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings related to plaintiff's severe impairment of bronchitis as set forth herein.

SO ORDERED this 15th day of December, 2014.

_____
T. Lane Wilson
United States Magistrate Judge